| **LAURA CURRAN**<br>County Executive |  | **JARED A. KASSCHAU**<br>County Attorney |
|---|---|---|

**COUNTY OF NASSAU**
OFFICE OF THE COUNTY ATTORNEY

January 10, 2019

Via ECF
Hon. Eric N. Vitaliano
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Fabien v. County of Nassau
                 18-CV-01294 (ENV)(ARL)

Dear Judge Vitaliano

      This office represents defendants County of Nassau (the "County") and Nassau County Detective Brian Parpan ("Parpan") in the above-referenced action. Pursuant to Rule III, "Civil Motions" of the Court's Individual Motion Practice and Rules, defendants respectfully move for a pre-motion conference for permission to file a motion pursuant to Fed. R. Civ. P. 55(c) to set aside the default judgment that was entered by the Clerk of the Court on November 21, 2018 [DE 16].

      **<u>Factual Basis for the Anticipated Motion</u>**. Plaintiff Bernard Fabien ("plaintiff") filed a Complaint on February 28, 2018 [DE 1]. The case was assigned to Hon. Leonard D. Wexler. Records in the County Attorney's Office and the Nassau County Police Department reflect that the Complaint was served on April 4, 2018. According to the Docket, a summons was returned executed as upon defendant Parpan on April 10, 2018 [DE 6], and as upon the County the same day [DE 7].

      Although the County Attorney's office management software indicates that the matter was assigned to me, I did not take notice of this until December 24, 2018 when I was going through my end-of-year case list and noted for the first time that this case was assigned to me. Noting in the software system indicates that there was any contact or inquiry from plaintiff's office to this office inquiring about the status of the Complaint or lack of response. I immediately went onto PACER and noticed for the first time that a default judgment was entered on November 21, 2018 [DE 16]. Upon realizing the situation, on the afternoon of December 24, 2018 I called plaintiff's counsel, Moses Ahn, Esq. and explained that defendants certainly did not intend to default in answering the Complaint, and that the oversight was due to law office failure. Since Mr. Ahn declined my request to vacate the default, defendants now seek a pre-motion conference to obtain permission to file a motion to vacate the inadvertent default.

ONE WEST STREET – MINEOLA, NEW YORK 11501-4820
516-571-3056, FAX 516-571-6684, 6604

**Legal Basis for the Anticipated Motion**. "There is a preference in the Second Circuit for litigating matters on their merits." *Paulini v. City of New York*, 2016 WL 1659339, at *1 (S.D.N.Y. April 25, 2016). "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworl.Com Limited*, 249 F.3d 167, 171 (2d Cir. 2001) (citations omitted). Thus, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green,* 420 F.3d 99, 104 (2d Cir.2005) (citing *Powerserve Int'l, Inc. v. Lavi,* 239 F.3d 508, 514 (2d Cir. 2001)).

Defendants' delay in answering the Complaint was not willful, *see*, *e.g.*, *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983), was not made in bad faith, and did not arise from egregious or deliberate conduct. *See Home Loan Inv. Bank, F.S.B. v. Goodness and Mercy, Inc.*, 2011 WL 1701795, at *4 (E.D.N.Y. April 30, 2011), wherein the court stated:

> [A] finding of willfulness is [only] appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James,* 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 60–61 (2d Cir.1996)). Courts should "resolve any doubt about [the Defendants'] willfulness in [their] favor." *Raheim v. New York City Health and Hosps. Corp.,* 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007). In addition, the Court bears in mind that "[w]hile courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan,* 652 F.2d at 277; *see also Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 319 (2d Cir.1986) ("[D]istrict courts regularly exercise their discretion to deny technically valid motions for default.").

Moreover, plaintiff has not suffered any prejudice as a result of defendants' delay in seeking to file their Answer. *See*, *e.g.*, *King v. Galluzzo Equipment King v. Galluzzo Equipment & Excavating, Inc.*, 223 F.R.D. 94, 99 (E.D.N.Y. 2004) (prejudice to the non-defaulting party may be shown if the party's "ability to pursue the claim has been hindered since the entry of the judgment" or by "the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Farrell v. County Van & Storage, Inc.,* 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996). As will be explained below, the relevant records are in the possession of the Nassau County Police Department and the Nassau County District Attorney. In addition, "delay alone is not a sufficient basis for establishing prejudice." *Davis,* 713 F.2d at 916.

In this case, the Complaint alleges claims of false arrest and malicious prosecution based on plaintiff's arrest on July 13, 2015. The Complaint also alleges that the criminal

charges against him were dismissed on May 27, 2017.  As a result, plaintiff's criminal records are sealed, and defendants have no access to information to allow defendants to offer a meritorious defense.  Thus, although in order to proffer a meritorious defense a "defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense[,]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993), in this case, defendants have no information as to the reasons plaintiff was arrested, or as to why the charges were dismissed, as alleged in the Complaint. If the Court grants defendants permission to move to vacate the default judgment, and the default judgment is vacated then, as is normal in this type of case, the plaintiff will execute an Authorization to Unseal Records in order to provide access to defendants to review Police Department and District Attorney files, which will allow defendants to investigate the facts and prepare an Answer to the Complaint.

**Conclusion.**  Defendants' delay in answering the Complaint was not willful, was not made in bad faith, and did not arise from egregious or deliberate conduct.  Plaintiff has not suffered any prejudice arising from defendants' delay in seeking to file an Answer to the Complaint.  For the foregoing reasons, defendants respectfully request that the Court schedule a pre-motion conference in order to allow defendants to file a motion to vacate the default judgment.

    Respectfully submitted,

    /s/  Ralph J. Reissman
    RALPH J. REISSMAN
    Deputy County Attorney

cc: (Via ECF)
Moses Myungchul Ahn, Esq.
Law Offices of Michael S. Lamonsoff
Attorneys for Plaintiff