UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BERNARD FABIEN,

        Plaintiff,                         18-CV-01294 (ENV)(ARL)

  -against-

COUNTY OF NASSAU, DETECTIVE BRIAN
PARPAN, AND JOHN DOES 1-3,

        Defendants.
-------------------------------------------------------------X

            **MEMORANDUM OF LAW IN SUPPORT
            OF DEFENDANTS' MOTION TO VACATE
            DEFAULT JUDGMENT PURSUANT TO
            FED. R. CIV. P. 55(c)**

                          JARED A. KASSCHAU
                          Nassau County Attorney
                          Attorney for Defendants
                          1 West Street
                          Mineola, New York 11501
                          (516) 571-3046

RALPH J. REISSMAN
Deputy County Attorney
*Of Counsel*

**Preliminary Statement**

Defendants, County of Nassau and Nassau County Detective Brian Parpan, submit this Memorandum of Law in support of their motion pursuant to Fed. R. Civ. P. 55(c) to vacate the default judgment which was entered by the Clerk of the Court on November 21, 2018 [DE 16], on the grounds that defendants' not willful, was not made in bad faith, and did not arise from egregious or deliberate conduct.

**Statement of Facts**

For a complete recitation of the facts, the Court is respectfully referred to the accompanying Declaration of Deputy County Attorney Ralph J. Reissman dated February 28, 2019.

Plaintiff Bernard Fabien ("plaintiff") filed a Complaint on February 28, 2018 [DE 1] alleging false arrest and malicious prosecution. The case was assigned to the late Hon. Leonard D. Wexler. Records in the Nassau County Attorney's Office and the Nassau County Police Department reflect that the Complaint was served on April 4, 2018. According to the Docket, a summons was returned executed as upon defendant Parpan on April 10, 2018 [DE 6], and as upon the County the same day [DE 7].

Although the County Attorney's office management software indicates that the matter was assigned to Deputy County Attorney Reissman, Mr. Reissman did not take notice of this until December 24, 2018 when he was going through his end-of-year case list and noted for the first time that this case was assigned to him.

Nothing in the software system indicates that there was any contact or inquiry from plaintiff's office to the County Attorney's Office inquiring about the status of the Complaint or lack of response, nor did plaintiff make any attempt to file a Notice of Motion for a default.

Upon realizing that the case was assigned to him, on December 24, 2018 Mr. Reissman immediately went onto the court's PACER system and noticed for the first time that a default judgment was entered on November 21, 2018 [DE 16]. Again, no Notice of Motion for a default judgment was ever served upon defendants.

Upon realizing the situation, on the afternoon of December 24, 2018 Mr. Reissman immediately filed a Notice of Appearance [DE 17] and telephoned plaintiff's counsel, Moses Ahn, Esq. Mr. Reissman explained to Mr. Ahn that defendants certainly and definitely did not intend to default in answering the Complaint, and that defendants' inadvertent failure to appear in the action was due to oversight. However, Mr. Ahn declined defendants' request to vacate the default.

Defendants now move to vacate the default judgment on the grounds that the default was not willful, was not made in bad faith, and did not arise from egregious or deliberate conduct, nor has plaintiff suffered any prejudice from defendants' delay in responding to the Complaint. Therefore, the motion to vacate the default should be granted, and defendants should be permitted to file an Answer to the Complaint.

## ARGUMENT

### DEFENDANTS' DELAY IN RESPONDING TO THE COMPLAINT WAS NOT WILFULL, WAS NOT MADE IN BAD FAITH, AND DID NOT ARISE FROM EGREGIOUS OR DELIBERATE CONDUCT. THUS, THE MOTION TO VACATE THE DEFAULT SHOULD BE GRANTED.

Fed. R. Civ. P. 55, "Default; Default Judgment" provides at subsection 55(c):"Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Here, defendants have shown good cause for the Court to set aside their default in this case.

"There is a preference in the Second Circuit for litigating matters on their merits." *Paulini v. City of New York*, 2016 WL 1659339, at *1 (S.D.N.Y. April 25, 2016). "It is well established

that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworl.Com Limited*, 249 F.3d 167, 171 (2d Cir. 2001) (citations omitted). Thus, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir.2005) (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)).

Defendants' delay in answering the Complaint was not willful, *see, e.g., Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983), was not made in bad faith, and did not arise from egregious or deliberate conduct. *See Home Loan Inv. Bank, F.S.B. v. Goodness and Mercy, Inc.*, 2011 WL 1701795, at *4 (E.D.N.Y. April 30, 2011), wherein the court stated:

> [A] finding of willfulness is [only] appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60–61 (2d Cir.1996)). Courts should "resolve any doubt about [the Defendants'] willfulness in [their] favor." *Raheim v. New York City Health and Hosps. Corp.*, 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007). In addition, the Court bears in mind that "[w]hile courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277; *see also Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir.1986) ("[D]istrict courts regularly exercise their discretion to deny technically valid motions for default.").

Moreover, plaintiff has not suffered any prejudice as a result of defendants' delay in seeking to file their Answer. *See, e.g., King v. Galluzzo Equipment King v. Galluzzo Equipment & Excavating, Inc.*, 223 F.R.D. 94, 99 (E.D.N.Y. 2004) (prejudice to the non-defaulting party may be shown if the party's "ability to pursue the claim has been hindered since the entry of the judgment" or by "the loss of available evidence, increased potential for fraud or collusion, or

3

substantial reliance upon the judgment." *Farrell v. County Van & Storage, Inc.,* 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996). Defendants' delay in this case has not prejudiced plaintiff's pursuit of his claim in any way. As will be explained below, the relevant records are in the possession of the Nassau County Police Department and the Nassau County District Attorney. In addition, "delay alone is not a sufficient basis for establishing prejudice." *Davis,* 713 F.2d at 916.

## DEFENDANTS HAVE NOT HAD ACCESS TO PLAINTIFF'S CRIMINAL RECORDS, WHICH ARE UNDER SEAL

In this case, the Complaint alleges claims of false arrest and malicious prosecution based on plaintiff's arrest on July 13, 2015. The Complaint also alleges that the criminal charges against him were dismissed on May 27, 2017. As a result, plaintiff's criminal records are sealed, and defendants have no access to information to allow defendants to offer a meritorious defense.

Thus, although in order to proffer a meritorious defense a "defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense[,]" *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993), in this case, defendants have no information as to the reasons plaintiff was arrested, or as to why the charges were dismissed, as alleged in the Complaint. If the Court grants defendants permission to move to vacate the default judgment, and the default judgment is vacated then, as is normal in this type of case, the plaintiff will execute an Authorization to Unseal Records in order to provide access to defendants to review Police Department and District Attorney files, which will allow defendants to investigate the underlying facts and prepare an Answer to the Complaint.

Defendants' delay in answering the Complaint was not willful, was not made in bad faith, and did not arise from egregious or deliberate conduct. Plaintiff has not suffered any prejudice arising from defendants' delay in seeking to file an Answer to the Complaint.

4

## CONCLUSION

For all the foregoing reasons, defendants County of Nassau's and Detective Brian Parpan's motion pursuant to Fed. R. Civ. P. 55(c) to vacate the default judgment which was entered by the Clerk of the Court on November 21, 2018, together with all such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
      February 28, 2019

                                        **JARED A. KASSCHAU**
                                        Nassau County Attorney
                                        Attorney for Defendants

                                        By: /s/ Ralph J. Reissman
                                             RALPH J. REISSMAN
                                             Deputy County Attorney
                                             1 West Street
                                             Mineola, New York 11501
                                             (516) 571-3046