UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BERNARD FABIEN,

                         Plaintiff,                      **REPORT AND**
                                                                  **RECOMMENDATION**
        -against-                                   CV 18-1294 (ENV) (ARL)

COUNTY OF NASSAU, DETECTIVE BRIAN
PARPAN and JOHN DOES 1-3,

                       Defendants.
------------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the Court, on referral from District Judge Vitaliano, is the defendants' motion to set aside the Clerk's Entry of Default.[1] For the reasons set forth below, the undersigned recommends that defendants' motion be granted.

## BACKGROUND

       On February 28, 2018, the plaintiff, Bernard Fabien ("Fabien"), commenced this action by filing a complaint against the defendants, County of Nassau, Detective Brian Parpan and John Does 1-3. ECF No. 1. Fabien is seeking compensatory damages, punitive damages and attorney's fees in connection with an alleged violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1988. According to the affidavits of service filed by Fabien, Detective Brian Parpan was served on April 4, 2018, by service on a person of suitable age and discretion at 1490 Franklin Avenue, Mineola, NY 11501. ECF No. 6. The County of Nassau was also served on April 4, 2018, but by service on Judith Merkle, Clerk of the County of Nassau at One West Street, Mineola, NY 11501. ECF No. 7. To date, the defendants have not filed answers.

---

[1] The defendants' motion is entitled "Motion to Vacate Default Judgment." For the sake of clarification, the Court notes that a default judgment has not been entered in this action. ECF No. 16 is a Clerk's Entry of Default, which notes a party's default on the clerk's record of the case.

1

By Order dated October 9, 2018, District Judge Vitaliano directed the plaintiff to file a status report with the Court. By letter dated October 23, 2018, counsel for Fabien explained that no action had been taken for several months because the attorney handling Fabien's matter had left the firm. Plaintiff's counsel further advised that newly assigned counsel would be submitting a motion for a default judgment against the defendants. ECF No. 10. Shortly thereafter, counsel for the plaintiff did refile the affidavits of service and requested that the Clerk of the Court enter a Certificate of Default. On November 21, 2018, the Clerk's Entry of Default was entered.

Three weeks later, on December 24, 2018, Ralph J. Reissman entered a Notice of Appearance on behalf of the defendants and proposed a briefing schedule for the instant motion. By Order dated January 2, 2019, that request was denied. Judge Vitaliano noted in his Order denying the request that the defendants had failed to comply with his Individual Rule III.A, which requires parties to set forth the factual and legal basis for an anticipated motion. On January 10, 2019, the defendants renewed their request, this time by filing a motion for a pre-motion conference. ECF No. 20. That request was also denied. Apparently, the plaintiff had not filed an objection to the request for a pre-motion conference, so the Court found a pre-motion conference to be unnecessary. On February 19, 2019, at the Court's request, the defendants resubmitted a proposed briefing schedule, which was then adopted. On April 22, 2019, the defendants filed the fully brief motion now pending before the Court. By Order dated April 22, 2019, the motion was referred to the undersigned.

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

However, Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The factors used by courts to decide whether to set aside a default or a default judgment are the same, but "courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In this case, while the Clerk has entered a default, there is no default judgment. Under these circumstances, the Court decides the motion to vacate under the more lenient standard of Rule 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also Austin Energy, LLC v. Eco Lumens, LLC*, No. 11-CV-5749, 2013 WL 6835192, at *2 (E.D.N.Y. Dec. 19, 2013) (citing *Meehan*, 652 F.2d at 276, for more lenient standard).

When determining whether there is "good cause" to vacate entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). No one factor is dispositive. *See Murray Eng'g, P.C. v. Windermere Props LLC,* No. 12 Civ. 0052, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2014). Because an entry of default is generally disfavored and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," *Meehan*, 652 F.2d at 277, any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party," *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993); *see also Brady v. W. Overseas Corp.*, No. 04-CV-2878, 2008 WL 4936875, at *4 (E.D.N.Y. Nov. 14, 2008) ("Any doubts as to whether a default

should be vacated must be resolved in favor of trial on the merits"). The Court reviews the three factors below.

### A.     Willfulness

As to the first factor, willfulness of the default, counsel for the defendants explains that although the County Attorney's Office management software indicates that he was assigned the case shortly after the defendants were served, counsel did not become aware of the case until December 24, 2018, when he was reviewing his end of the year case list. Upon realizing the situation, he immediately filed a Notice of Appearance and sought to vacate the Clerk's Entry of Default. He argues, therefore that the defendants' failure to answer was not willful. The plaintiff does not address this branch of the analysis. Drawing all inferences in favor of the defendants, the Court finds that their conduct was far from the type of willful conduct contemplated by the courts in this Circuit. *See Int'l Reformed Univ. & Seminary v. Newsnjoy USA*, No. 13-CV-3156, 2014 WL 923394, at *3 (E.D.N.Y. Mar. 10, 2014) ("A finding of willfulness is appropriate where there is evidence of bad faith or the default arose from egregious or deliberate conduct.") (citations and internal quotation marks omitted); *see also HICA Educ. Loan Corp. v. Feintuch*, No. 12-CV-5243, 2013 WL 1898997, at *4 (E.D.N.Y. May 7, 2013) ("Courts should 'resolve any doubt about [a defendant's] willfulness in his favor.'") (quoting *Raheim v. N.Y. City Health and Hosps. Corp.*, No. 96–CV–1045, 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007)).

### B.     Meritorious Defense

With respect to the second factor, that being, a meritorious defense, the defendants explain that because the plaintiff's criminal records are sealed, the defendants are unable to offer a meritorious defense at this time. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at

4

law so as to give the factfinder some determination to make." *HICA Educ.*, 2013 WL 1898997, at *5 (citations and internal quotation marks omitted). While parties are generally required to "do more than merely alleg[e] that a defense exists," courts in this Circuit have considered allegation meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" Under the circumstance presented in this case, the Court does not believe that the defendants' failure to present a meritorious defense should be a basis on which to deny the defendants an opportunity to try this case on the merits.

Finally, the defendants have satisfied the third factor. The defendants attempted to make this motion with in a month of the entry of the Certificate of Default and, while the plaintiff claims that he will be prejudiced by the year long wait for an answer, the plaintiff has not suggested in what way he will be prejudiced if the entry of default is vacated. *See Int'l Reformed Univ.*, 2014 WL 923394, at *5 ("In order to show the requisite level prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated. Thus, this factor weighs in favor of vacating the default.

Accordingly, the undersigned respectfully recommends that the Certificate of Default be set aside and that the defendants be required to file an answer immediately upon receipt of the Court's order.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Vitaliano prior to

the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      October 25, 2019

                                            _____/s/_____
                                            ARLENE ROSARIO LINDSAY
                                            United States Magistrate Judge